# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON SLOAN, : | |
| : | |
| Plaintiff : | |
| : | CIVIL NO. 3:CV-11-0994 |
| v. : | |
| : | (Judge Caputo) |
| JOHN MURRAY, *et al.*, : | |
| : | |
| Defendants : | |

# M E M O R A N D U M

## I.   Introduction

Presently before the Court is Mr. Sloan's motion for reconsideration (Doc. 25) of the Court's September 5, 2012 Memorandum and Order granting in part, and denying in part, defendants' motion to dismiss (Doc. 24). For the reasons set forth below, Mr. Sloan's motion will be granted in part and denied in part.

## II.   Standard of Review

The Court's September 5, 2012 Order (Doc. 24) is interlocutory in nature because, it granted in part and denied in part, the defendants' motion to dismiss, thus contemplating further proceedings in this court. *See Harris v. Kellog Brown & Root Services, Inc.*, 618 F.3d 398 (3d Cir. 2010)(order denying motion to dismiss is not a final order); *see also Catllin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631,

633, 89 L.Ed. 911 (1945)(a final decision ends the litigation on the merits and leaves nothing for the court to do but execute judgment).

A trial judge exercises broad discretion over motions to reconsider, especially as they pertain to interlocutory orders. The Court of Appeals for the Third Circuit has noted that " '[s]o long as [a] district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so.' " *In re Anthanassious*, 418 F. App'x 91 (3d Cir. 2011)(quoting *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973)).

The purpose of a motion for reconsideration is to present newly discovered evidence or to correct manifest errors of law or fact. *See Howard Hess Dental Labs., Inc. v. Dentsply Int'l Incs.,* 602 F.3d 237, 251 (3d Cir. 2010). A party seeking reconsideration should show (1) a change in the controlling law, (2) new evidence, or (3) a clear error of law or fact, or manifest injustice. *See Id*. It is not an opportunity to relitigate the case. *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011).

### III.  Discussion

Mr. Sloan's Motion for Reconsideration asks the Court to address two issues: (1) the dismissal of his access-to-courts claims against defendants Carberry, Taggart, Williams and Smeal for lack of personal involvement; and (2) the dismissal of his lack of access-to-the courts claim premised on his inability to pursue a federal action regarding the November 2008 confiscation and destruction of his personal

property. The Court will address each concern in turn.

First, Mr. Sloan argues that his access-to-the-courts claim against Taggart, Smeal, Carberry and Williams should be reinstated as he adequately alleged their personal involvement in the permanent deprivation and destruction of his confiscated legal property. On a motion to dismiss, the Court is required to accept the truth of plaintiff's well-pleaded factual allegations while drawing reasonable inferences in his favor. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). In his Complaint, Mr. Sloan alleges these defendants knew of his confiscated legal materials but "ignored ... [his] attempts to reacquire [his] property ... before it was too late." (Doc. 1, ECF p. 4.) In dismissing the Mr. Sloan's access-to-the-courts claim against these defendants, the Court noted that apart from their after-the-fact responses to his grievances and/or request slips, Mr. Sloan failed to suggest how they were involved in the confiscation or destruction of his legal materials. *See* Doc. 23, ECF pp. 7-8. However, finding this defect, Mr. Sloan was not granted leave to amend his complaint as to this claim. *See Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011). Accordingly, Mr. Sloan will be granted leave to amend his complaint, as to his access-to-courts-claim against these defendants to further define how each of them was personally responsible, or involved in, the destruction (not confiscation) of his legal materials on September 18, 2010.

Next, we turn to Mr. Sloan's concern that the Court erroneously dismissed his access-to-courts claim premised on the destruction of his radio at SCI-Forest. Mr. Sloan defined his loss of property claim as one sounding in Due Process. (Doc. 1, ECF pp. 2-3.) The unauthorized negligent or intentional deprivation of a prisoner's

-3-

property by a state official does not violate procedural due process requirements "if a meaningful post-deprivation remedy for the loss is available." *Monroe v. Beard*, 536 F.3d 198, 210 (3d Cir. 2008) (quoting *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204, 82 L.Ed.2d 393 (1984)).  The Third Circuit has held that the DOC's grievance system constitutes an adequate postdeprivation remedy.  *Monroe*, 536 F.3d at 210; *Lyons v. Secretary of Dept. of Corr.*, 445 F. App'x 461, 463 (3d Cir. 2011) (nonprecedential); *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000) (holding that a prison's grievance program and internal review provided an adequate postdeprivation remedy to satisfy due process).  Accordingly, the loss of his legal materials relevant to his pursuit of the SCI-Forest official's destruction of his radio, more than two years prior to the confiscation of those materials at SCI-Camp Hill, does not serve the basis of an access-to-courts claim in his present action.

With respect to the Court's decision to allow Mr. Sloan to file an amended complaint, he will be granted twenty-one days to do so.  Mr. Sloan is advised that his amended complaint must contain the same docket number as the instant action and should be labeled "Amended Complaint."  In addition, the "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F.Supp. 1185, 1198 (M.D. Pa. 1992).  In particular, Mr. Sloan is advised that any amended complaint he may file supersedes and nullifies the original complaint (Doc. 1).  The amended complaint must be "retyped or reprinted

so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1. Consequently, all causes of action alleged in the original complaint which are not alleged, or reasserted, in the amended complaint are waived.

Mr. Sloan is also advised that his amended complaint must be concise and direct. *See* Fed. R. Civ. P. 8(d). Each allegation must be set forth in an individually numbered paragraphs in short, concise and simple statements. *Id.* The allegations should be specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). He also shall specify the relief he seeks with regard to each claim and defendant. Mr. Sloan's failure to file an appropriate amended complaint within the required time will result in the Court proceeding on the surviving claims of his Complaint as defined by the Court's Order of September 5, 2012 (Doc. 24). Mr. Sloan is reminded that he is only permitted to amend his allegations as to his access-to-courts-claim against defendants Caraberry, Smeal, Taggart and Williams.

An appropriate Order follows.

**/s/ A. Richard Caputo**
**A. RICHARD CAPUTO**
**United States District Judge**

Date: October 8, 2013