# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON SLOAN, | : | |
| Plaintiff | : | |
| | : | **CIVIL NO. 3:CV-11-0994** |
| v. | : | |
| | : | **(Judge Caputo)** |
| JOHN MURRAY, *et al.*, | : | |
| Defendants | : | |

# M E M O R A N D U M

## I.  Introduction

In his 42 U.S.C. § 1983 Complaint, *pro se* plaintiff Aaron Sloan alleges Defendants conspired to confiscate and destroy his legal materials which prevented him from filing allegedly non-frivolous lawsuits challenging various incidents that occurred while housed at SCI-Forest.  Mr. Sloan alleges the confiscation and destruction of his legal materials took place at SCI-Camp Hill on September 18 2010.  (Doc. 1.)

Presently before the Court is Mr. Sloan's motion to compel (Doc. 32) Defendants' complete responses to his first request for production of documents. Defendants oppose the motion (Doc. 33) and provide a copy of their discovery responses (Doc. 34) for the Court's review.

For the reasons set forth below, the motion will be granted in part and denied in part.

## II. Standard of Review

The Federal Rules of Civil Procedure enable parties to obtain information by serving request for discovery upon each other, including interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Fed. R. Civ. P. 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). "[T]herefore, all relevant material is discoverable unless an applicable evidentiary privilege is asserted. The presumption that such matter is discoverable, however, is defeasible. Rule 26(c) grants federal judges the discretion to issue protective orders that impose restrictions on the extent and manner of discovery where necessary 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.' Fed. R. Civ. P. 26(c)." *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000).

Fed. R. Civ. P. 34 requires that a party served with a document request either produce the requested documents or state a specific objection for each item or category objected to. *See* Fed.R.Civ.P. 33(b)(4); *Momah v. Albert Einstein Medical Center*, 164 F.R.D. 412, 417 (E.D.Pa. 1996). "Mere recitation of the familiar litany that an interrogatory or a document production request is 'overly broad, burdensome, oppressive and irrelevant' will not suffice." *Id*. (*quoting Josephs v.*

*Harris Corp.*, 677 F.2d 985, 992 (3d Cir.1982)). The objecting party must demonstrate in specific terms why a particular discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Goodman v. Wagner*, 553 F.Supp. 255, 258 (E.D. Pa. 1982). Parties "seeking the protection of sensitive-but relevant-information" may argue the information sought is protected by an evidentiary privilege pursuant to Fed. R. Civ. P. 26(b)(1), or petition the court for a protective order pursuant to Fed. R. Civ. P. 26(c) to protect its disclosure. *Pearson*, 211 F.3d at 65.

To support a claim of privilege, the government must fulfill three requirements: (1) the head of the agency must personally review the material; (2) there must be a specific designation and description of the documents claimed to be privileged; and (3) there must be precise reasons for preserving the confidentiality of the documents. *See* Fed. R. Civ. P. 26(b)(5)(A)(ii); *United States v. O'Neill*, 619 F.2d 222, 225-226 (3d Cir. 1980).

A party seeking to obtain a protective order must demonstrate "good cause" for the order of protections. *See Smith v. Bic Corp.*, 869 F.2d 194, 199 (3d Cir. 1989); *see also* Fed. R. Civ. P. 26(c). Again, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning," do not support a showing of "good cause." *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir. 1986), *cert. denied*, 484 U.S. 976, 108 S.Ct. 487, 98 L. Ed.2d 485 (1987). In determining whether the moving party has established "good cause" for the issuance of a protective order, federal courts have generally adopted a balancing

process whereby "the requesting party's need for information [is balanced] against the injury that might result if uncontrolled disclosure is compelled." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (1994).

Issues relating to the scope of discovery permitted under the Rules rest in the sound discretion of the Court. *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983).

**III.   Discussion**

Mr. Sloan does not specifically address each of the discovery requests he seeks to contest. Rather, he seems to be generally challenging each request to which Defendants lodged an objection. Although Mr. Sloan states that he "addressed all of [Defendants'] objections in his Oct. 18, 2012, letter to defense counsel," he has not supplied the Court with a copy of that letter. *See* Doc. 32, ECF p. 3. Additionally, he has not briefed his motion to compel. Thus, the Court is without additional insight into Mr. Sloan's position as to his need for, or the relevance of, many of the documents, outside what is set forth in his motion to compel. Nonetheless, the Court has reviewed Mr. Sloan's motion to compel, and defendants' responses, and have grouped his identifiable concerns where possible.[1]

---

[1] Mr. Sloan does not appear to object to Defendants' responses to requests 14, 15, 16 and 17. *See* Doc. 32.

## A. Access to Documents Identified by Defendants as Responsive to Requests 3 - 10.

The identified requests seek copies of grievances and/or Inmate's Request to Staff Member Forms (DC-135A) filed by Mr. Sloan during his incarceration.[2] *See* Doc. 34, pp. 5-6. Although Defendants objected to these requests, Mr. Sloan was advised that he should schedule an appointment with the Superintendent's Assistant at SCI-Fayette to review documents responsive to these requests. He was advised he would be charged, in accordance with DC-ADM 003, if he sought to retain copies of any of the documents produced. When Mr. Sloan contacted the Superintendent's Assistant, he was referred to the institution's Administrative Officer who advised him that he must pay a "search and retrieval fee," and additional monies to obtain copies of the documents. (Doc. 32, ECF p. 2.) First, Mr. Sloan is not entitled to free copies of the documents produced by Defendants. There "is no provision in the [in forma pauperis] statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993). With that said, the Court is disturbed by any suggestion that Mr. Sloan is being charged an "administrative search and retrieval fee" in order to review Defendants' discovery. Pursuant to Fed. R. Civ. P. 34(a)(1), Defendants must produce the

---

[2] Mr. Sloan seeks copies of grievance numbers 353035, 348962, 252435, 237551,"all grievances filed between July 15, 2008 through February 23, 2009," and "August 3, 2010 through and including June 24, 2011." *See* Doc. 34, Request Nos. 3, 4, 5, 6, 7, 8, 9 and 10.

-5-

documents responsive to Mr. Sloan's request for his inspection and copying. Clearly, any "search[ing]" or "retriev[ing]" has already been completed on, or on behalf of, Defendants by defense counsel. Mr. Sloan's only exposure to debt in this discovery exchange would arise if he sought photocopies of the documents produced. Accordingly, if, to date, Mr. Sloan has not been given the opportunity to review the documents Defendants have identified as responsive to his document request, he should advise the Court. Likewise, if he has been charged anything other than the regular institutional photocopy rate for copies of documents produced by Defendants, he should advise the Court. No search and retrieval fee is authorized and none will be charged.

> **B. All written statements, originals or copies, identifiable as reports about the September 18, 2010, search conducted on SCI-Camp Hill's E-Block, made by DOC employees and witnesses (Request 1).**

The relevance of documents responsive to this request is clear based on the allegations of the Complaint. Without acknowledging the relevance of the documents, Defendants "object to the responsive document implicated by this request because it is privileged and not provided to inmates for reasons of institutional security." (Doc. 34, ECF p. 3.) They also note that this information in the hands of inmates raises "obvious safety and security concerns." (Doc. 33, ECF p. 9.) The Court does not find Defendants' security concerns obvious.

When discoverable information raises institutional and security concerns, courts must balance the need for the information and the extent the information

compromises security. A conclusory objection reciting a mantra of institutional security, however, is insufficient. A party wishing to obtain a protective order to prevent the disclosure of information through the discovery process has the burden of demonstrating that "good cause" exists for the order. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994); Fed.R.Civ.P. 26(c). "Good cause" is only established when the movant demonstrates that disclosure would cause a clearly defined and significant injury. *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995). At this point, Defendants have not met their burden to preclude the release of the requested information. The Defendants do not identify what documents are responsive to this request or how they would specifically pose an institutional security concern if released. The Court, however, recognizes that in a prison setting there is always a serious need to maintain security for the staff, the inmates, and all the citizens in the surrounding community. Given this grave concern, the Court will not order the disclosure of the requested documents at this time. Defendant will be required to submit copies of any responsive documents to the Court for *in camera* inspection in conjunction with a properly supported memorandum of law and affidavit outlining the basis of their assertion of privilege based on institutional security. *See Redland Soccer Club v. Dep't of Army of U.S.*, 55 F.3d 827, 855 (3d Cir. 1995)("more than a bare conclusion or statement that the documents sought are privileged"); *see also United States v. O'Neill*, 619 F.2d 222, 226 (3d Cir. 1980)(setting forth the appropriate manner in which claims of document privilege should be invoked).

### C. Photographs of any and all DOC Employees or Contract Workers, that identifies each individual, that conducted the September 18, 2010 Search on SCI-Camp Hill's E-Block (Request 2).

Mr. Sloan argues that "there [is] no legitimate security concern in releasing the identities of the officials that were involved in the September 18, 2010 search at issue in this case." (Doc. 32.) He adds that he needs photographs of the identified individuals "due to the offending officials being able to be identified by face, and only through such being released could the John Does in this action be identified." (*Id.*) Defendants, when responding to the discovery request, objected that "the physical appearance of staff at the institution [is] completely irrelevant to Plaintiff's suit, but the release of DOC employee photographs is privileged ... because such release may jeopardize the safety and security of the institution." (Doc. 34, ECF p. 4.) Defendants did not address Mr. Sloan's assertion that he needs to view the photographs of the individuals involved in the search that day for the purpose of properly identifying his John Doe defendants.

The Court agrees with Mr. Sloan that the names of those individuals involved in the September 18, 2010, search of SCI-Camp Hill's, E-Block, D-pod are relevant to this action. If the Defendants have such a document identifying all those involved, they should produce it. If security or privilege concerns are raised by the production of such a document, Defendants should seek a protective order. As for the photographs of the individuals involved in the D-pod search, if the Defendants have photographs of these individuals, they should make them available for Mr. Sloan's inspection. Mr. Sloan will not be permitted to copy any of the photographs,

-8-

he may only view them. Since Mr. Sloan suggests he can recognize his John Doe defendants by inspecting the photographs, the individuals' names should not be listed on the photographs produced. Once Mr. Sloan has identified his John Doe defendants, the Defendants should provide Mr. Sloan with the names of the individuals identified. Once the identification process takes place, Mr. Sloan no longer has need for the photographs and they should be returned to defense counsel.

### D. Grievances Filed by Other Inmates (Requests 11 - 13).

Mr. Sloan seeks grievance responses by various defendants to other inmates. *See* Doc. 34, ECF pp. 7-8. Defendants objected to the production of the requested documents as overbroad, unduly burdensome, and irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Mr. Sloan does not argue in his motion to compel why he seeks this information or its relevancy to the case. The DOC's DC-ADM 003, *Release of Information Policy*, prohibits "[a]n inmate ... from receiving information pertaining to another inmate other than him/herself." Given the DOC's prohibition of the release of such information to Mr. Sloan, and in the absence of any argument by Mr. Sloan as to the relevance of, or need for, the requested information, Mr. Sloan's motion to compel as to requests 11, 12, and 13 will be denied.

### E. Photographs and Power Supply Information as to E-Block, D-Pod, Cell 6 (Requests 18 and 19).

Mr. Sloan requests a "panoramic photograph of the area around 6 cell of SCI-Camp Hill's D-pod on E-Block." Doc. 34, ECF p. 9. He also request any documents making note "of the power supplied to SCI-Camp Hill's E-Block for the time period of September 1, 2010 through and including September 30, 2010." (*Id*.) Without asserting whether Defendants are in possession of such documents, they object to their production on the basis of relevance and institutional security. (*Id*.)

In his Complaint, Mr. Sloan alleges that his legal materials were confiscated on September 18, 2010, while he was housed on SCI-Camp Hill's E Block, D-Pod, in cell 6. The issue of the power source to that block appears unrelated. As Mr. Sloan, the party moving to compel the disclosure of these documents, has not met his burden to demonstrate the relevance and/or necessity of the requested documents to his claim, the motion to compel will be denied as to Requests 18 and 19.

### F. Grievances and/or Complaints filed by staff and/or other inmates against "each individual" (Request 20).

Defendants object to this request as overbroad, unduly burdensome based on their interpretation of the request as seeking any and all grievances filed against any DOC employee. The Court agrees that such a request, as worded, is overbroad. Likewise, to the extent Mr. Sloan sought any and all grievances or complaints filed against the named Defendants, the Court would again find such a

request overbroad.  All grievances and complaints filed against the Defendants is generally not relevant.  However, to the extent that any of the identified Defendants were found criminally or civilly liable for violating an inmate's right to access-the-courts, such information may be relevant.  Accordingly, Defendants will be directed to supplement this response to the extent they are aware of any documents demonstrating their criminal or civil liability for the violation of an inmate's access-to-the courts.  If no such documents exist, Defendants should affirmatively so state.

### G. Defendants' Personnel Files (Request 21).

The Court finds Mr. Sloan's request for the Defendants' personnel files to be overbroad.  The Court also declines to review the entire personnel files of the defendants at this point.  Mr. Sloan should redraft this request.  He must narrow his request to portions of the personnel files, that, by their description, are relevant.  The conduct at issue in this lawsuit concerns allegations that some of the defendants conspired to deprive Mr. Sloan of his legal materials by searching his cell on September 18, 2010, and destroying his legal materials.  As to Defendants' privacy concerns based on Mr. Sloan's revised request, such concerns should be addressed by a request for a protective order.  Mr. Sloan's motion to compel is denied as to request 21.

An appropriate Order follows.

    /s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge

Date: October  8  , 2013