# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON SLOAN, | : | |
| Plaintiff | : | |
| | : | CIVIL NO. 3:CV-11-0994 |
| v. | : | |
| | : | (Judge Caputo) |
| JOHN MURRAY, *et al.*, | : | |
| Defendants | : | |

# M E M O R A N D U M

**I.    Introduction**

Pending on the court's docket are several motions filed by Mr. Sloan: a motion to compel (Doc. 48); a "Notice of Inability to Proceed" (Doc. 57); and a Motion for Alternative Dispute Resolution (Doc. 61).  The court will address each motion in turn and issue a new scheduling order setting establishing discovery and dispositive motion deadlines.

**II.   Standard of Review**

Fed.R.Civ.P. 26(b) states, in pertinent part, the following:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). The court, on its own or upon motion by a party, may limit the frequency or extent of discovery where the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Fed.R.Civ.P. 26(b)(2)(C)(iii).

### III. Discussion

#### A. Mr. Sloan's Motion to Compel (Doc. 48)

Mr. Sloan's present motion to compel challenges the defendants' response to this court's October 8, 2013 Order addressing his prior motion to compel. *See* Docs. 43 and 49. First, Mr. Sloan contends defendants failed to properly identify those involved in the September 18, 2010, search of SCI-Camp Hill's E-Block, D-pod. He argues defendants' one-page response (Doc. 49, ECF p. 13) does not identify which of the fifty-three individuals participated in the search of E block. He also challenges the photographic array that defendants forced him to view through his cell door window without the benefit of his glasses. He argues more than twenty people searched E block that day but the photographic array was comprised of only eight photos. (Doc. 49, ECF p. 4.)

Defendants assert that the institution's Correctional Emergency Response Team (CERT) was tasked with searching inmate cells on September 18, 2010, and provides the list of the CERT team members. *See* Doc. 49, ECF p. 13. The

document produced clearly identifies seven CERT team members. (*Id.*) Mr. Sloan contends approximately twenty officers were involved in the search, defendants represent that only CERT members searched E block cells. If it is discovered that defendants withheld the identity of any CERT member involved in the search that day, Mr. Sloan may file a motion for sanctions. Until that time there is no evidence to suggest defendants have withheld the identity of any CERT search participant.

As for the makeup of the photo array, Mr. Sloan previously argued that if shown a photograph of each member of the search team he could identify those who searched his cell. Based on that representation the court ordered defendants to assemble the array and show it to Mr. Sloan. (Doc. 43, ECF pp. 8 - 9.) While Mr. Sloan's ability to view the photographs may not be what he desired, he does not suggest he could not identify those who searched his cell because he examined the photos through the door or without his glasses. If Mr. Sloan needs to review the photographic array again, he should work with defense counsel to find a mutually convenient time and method to accomplish this task.

One discrepancy raised by Mr. Sloan as to the photo array was not addressed by defendants. Mr. Sloan states that while seven names appear on the list of CERT members, he was shown eight photographs of individuals who defendants claim took part in the E Block search. As long as Mr. Sloan was provided the opportunity to review photographs of *all* individuals who took part in the search, and then given the names of those individuals he identified as having searched his cell, no discovery violation is apparent.

Next, Mr. Sloan claims that the defendants failed to comply with this court's order resolving his motion to compel as to his request for a comprehensive list of all complaints filed against each defendant. He is mistaken. *See* Docs. 34, pp. 9 - 10 and Doc. 43, ECF pp. 10 - 11. Mr. Sloan's original request was overbroad and sought inadmissible facts. Nonetheless, the court directed defendants to reveal any instances where defendants were found criminally or civilly liable for violating an inmate's right to access-the-courts. Contrary to Mr. Sloan's assertions, the court did not order the production of all grievances and complaints filed against the defendants. Defense counsel did not improperly restrict her response to this court's order.

Accordingly, Mr. Sloan's motion to compel as to these issues is denied.

### B. Mr. Sloan's Untimely Amended Complaint

Mr. Sloan asks the court to accept his untimely amended complaint *nunc pro tunc.* (Doc. 49, ECF pp. 5 - 6.) Defendants object. (Doc. 52.)

On September 5, 2012, the court granted in part, and denied in part, defendants' motion to dismiss. (Doc. 24.) The court dismissed all but Mr. Sloan's access-to-courts claim related to his three SCI-Forest conditions of confinement claims and his conspiracy claims involving defendants Flowers, Flinn, Murray and Southers. (*Id*.) Defendants then filed a Waiver of Reply to the complaint with affirmative defenses. (Doc. 28.) When resolving Mr. Sloan's motion for reconsideration of that order, he was granted twenty-one days to file an amended

-4-

complaint as to the dismissed defendants (Carberry, Smeal, Taggart and Williams). (Doc. 42.) The court's October 8, 2013, order specifically cautioned Mr. Sloan that his "[f]ailure to file an amended complaint as directed within the required time will result in this matter proceeding against only defendants Flowers, Flinn, Murray and Southers." (*Id.*) Mr. Sloan contends he mailed his amended complaint (Doc. 50, ECF pp. 1 - 9) to the court and defense counsel on October 29, 2013. He provides copies of cash slips, also dated October 29, 2013, requesting postage for envelopes addressed to defense counsel and the court. (Doc. 50, ECF pp. 12 and 13.) No amended complaint was filed with the court. On December 5, 2013, the court issued an order resolving an outstanding discovery matter and establishing discovery and dispositive motions deadlines. (Doc. 47.) The order also stated that "[p]ursuant to the Court's Order of October 8, 2013 (Doc. 44), this action will proceed solely against Defendants Flowers, Flinn, Murray and Southers." (Doc. 47, ECF p. 3.) Clearly, this decision was based on Mr. Sloan's failure to file an amended complaint within the time frame established by the court. Regardless of the reason for Mr. Sloan's amended complaint not reaching the court, Mr. Sloan offers no explanation as to why he waited approximately eighty days after the issuance of the court's December 2013 order before alerting anyone of this issue. Mr. Sloan claims he "only discovered [the lack of court's receipt of his amended complaint] after reviewing a piece of paper[1] completely separate from this court's order". (Doc. 56, p. 4.) Faced with the discovery and dispositive motions deadlines

---

[1] Mr. Sloan does not identify what paper he refers to that led to his discovery that his amended complaint was not filed with the court.

-5-

established by the court in its December order, Mr. Sloan's February 23, 2014, submission of an amended complaint, less than ten days from the close of discovery, does not demonstrate due diligence on his part. Accordingly, the court will not accept his proposed amended complaint. At this point in time, under the discussed circumstances, defendants would be unduly prejudiced to allow the filing of an amended complaint.[2] *See FIX CITE Philips*, 515 F.3d at 245-46 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)).

Mr. Sloan also contends that due to defendants' failure to timely respond to properly served discovery requests "he will be unable to have discovery completed by March 5, 2014." (Doc. 49, ECF p. 7.) He contends defendants have not filed response to interrogatories addressed to Taggart, Smeal and Murray in early

---

[2] The filing of an Amended Complaint is governed by Fed. R. Civ. P. 15(a):

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). Consistent with this policy, leave to amend rests in the discretion of the court and may, which justice so requires, be denied if the court finds "undue delay, bad faith or dilatory motive on the part of the movant, failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *see also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir.2000).

-6-

December 2013.  (*Id*.)  The court notes that there are no outstanding motions to compel before the court.  Mr. Sloan's present motion was filed weeks before the close of discovery.  Defendants claim it was their "belief that Plaintiff's requests were made to Defendants who were dismissed from the matter, specifically due to Plaintiff's failure to timely file an Amended Complaint.  It appears that one request was made to Defendant Murray, and Defendants are willing to comply with said discovery request."  (Doc. 52, pp. 7 - 8.)  While defendants are correct that they had no obligation to respond to discovery posed to dismissed defendants, there is no excuse offered for defense counsel's significant delay in responding to properly served discovery directed to defendant Murray.  However, Mr. Sloan has not filed a motion for sanction in this regard but a motion to compel.  The court will enlarge the discovery period in this matter to avoid any prejudice to Mr. Sloan and direct defendants' strict compliance with their discovery obligations.

### C. Notice of Inability to Proceed (Doc. 57)[3]

On July 16, 2014, Mr. Sloan advised the court that he was being "held captive" at SCI-Somerset since September 2013.  (Doc. 57.)  He claims since SCI-Somerset officials refuse to allow him to have extra legal materials in his cell, and refused to allow him to access his stored property, he is unable to proceed in this matter.  (*Id*.)  He does not request any relief in his filing, thus none will be granted.

---

[3] The docketing clerk erred in labeling Mr. Sloan's "Notice" to the court as a Motion to Dismiss in this matter.  Mr. Sloan was not prejudiced in any matter due to this docketing error.

Nonetheless, the court notes that since the filing of this Notice, the court has held several hearing in a different matter filed by Mr. Sloan. He has had every opportunity to raise this issue with the court. Finally, it is noted that Mr. Sloan no longer resides at SCI-Somerset. He is now incarcerated at SCI-Camp Hill. Thus, no relief will be granted with respect to his "Notice of Inability to Proceed."

### D. Mr. Sloan's Motion for Alternative Dispute Resolution (Doc. 61).

Although Mr. Sloan seeks to attempt resolution of this action through mediation, the court cannot require the defendants to participate in mediation or another form of alternative dispute resolution. He contends defendants have not responded to his request to mediate this action. Accordingly, defendants will be directed to notify the court whether they are interested in participating in mediation of this matter.

An appropriate Order follows.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**

**Date: September 21, 2015**