# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

AARON SLOAN,

    Plaintiff,

v.

JOHN MURRAY, *et al.*,

    Defendants.

NO.3:11-CV-0994

(JUDGE CAPUTO)

## **MEMORANDUM**

Previously in this action brought by Plaintiff Aaron Sloan ("Sloan"), I granted summary judgment in its entirety to Defendants Superintendent John Murray ("Murray"), Deputy of Facilities Management Richard Southers ("Southers"), and Lieutenant Kathy Flowers ("Flowers"). (*See* Doc. 90, *generally*). I also granted summary judgment in favor of Defendant Corrections Officer Joshua Flinn ("Flinn") on all claims except the access-to-courts claim against him regarding the alleged confiscation of Sloan's legal material concerning conditions of confinement at SCI-Forest between September 28, 2008 and January, 2, 2009. With respect to that sole remaining claim, though, I directed Sloan to file a supplemental response to address the "actual injury" he incurred as a result of the confiscation of his legal material. Sloan filed such a response. (*See* Doc. 92, *generally*). He also submitted a motion seeking reconsideration of my decision granting summary judgment in favor of Murray, Southers, and Flowers. (*See* Doc. 93, *generally*). The motion for reconsideration will be denied because it was not timely filed and it otherwise fails to satisfy the applicable standard for reconsideration. Additionally, because Sloan fails to demonstrate that he incurred an "actual injury" related to his lone remaining access-to-courts claim against Defendant Flinn, that claim will be dismissed and the action will be closed.

## I. Background

Sloan commenced this action *pro se* on May 19, 2011 setting forth claims for alleged violations of his constitutional rights. (*See* Doc. 1, *generally*). Defendants moved to dismiss the Complaint, and that motion was granted in part and denied in part. (*See* Docs. 23-24, *generally*). Specifically, all of Sloan's claims except his access-to-courts and conspiracy claims against Defendants Flowers, Flinn, Murray, and Southers were dismissed. (*See* Doc. 24, *generally*).

Sloan moved for reconsideration of the disposition of Defendants' motion to dismiss. (*See* Doc. 25, *generally*). Sloan was given the opportunity to file an amended complaint concerning his access-to-courts claim against Defendants Taggart, Smeal, Carberry, and Williams. (*See* Doc. 42, *generally*). Sloan failed to timely file an amended complaint. (*See* docket, *generally*).

The remaining Defendants then moved for summary judgment. (*See* Docs. 74-76, *generally*). That motion was granted in part and denied in part by Order dated August 10, 2017. (*See* Doc. 90, *generally*). In particular, the motion was granted with respect to Defendants Murray, Flowers, and Southers on all remaining claims. (*See id.*). As to Defendant Flinn, summary judgment was granted in his favor regarding Sloan's conspiracy and access-to-courts claim related to his confinement at SCI-Forest prior to September 18, 2008. (*See id.*). However, Flinn was denied summary judgment without prejudice to Sloan's access-to-courts claim for the "alleged confiscation of his legal material concerning his conditions of confinement at SCI-Forest between September 28, 2008 and January 2, 2009 [which] is the sole remaining claim." (*Id.*). That Order further provided:

> 6. Within twenty-one (21) days of the date of this Order, Mr. Sloan shall file a response to the Court's finding as to his failure to plead actual injury to a nonfrivolous claim concerning his conditions of confinement between September 28, 2008 and January 2, 2009 as outlined in the Court's Memorandum.
>
> 7. Mr. Sloan's failure to file a timely response as to his sole remaining access-to-courts claim will result in the

> dismissal of this claim pursuant to 42 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 41(b).

(*Id*.).

Sloan filed a response to the August 10, 2017 Order. (*See* Doc. 92, *generally*). Further, on October 17, 2017, Sloan filed a motion for reconsideration of the August 10, 2017 Order. (*See* Doc. 93-94, *generally*). Sloan's response and motion for reconsideration are now ripe for review.

## II. Discussion

**A.     Motion for Reconsideration.**

Sloan seeks reconsideration of the decision granting summary judgment to Defendants Murray, Southers, and Flowers. (*See* Doc. 93-94, *generally*). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the movant establishes: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court decided the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café, by Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Sloan's motion for reconsideration fails for two reasons. First, the motion was untimely filed. Rule 59(e) requires that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Sloan's motion for reconsideration of the August 10, 2017 Order is dated October 12, 2017 and was received by the Court on October 17, 2017, (*see* Doc. 93, *generally*), well beyond the twenty-eight (28) days he had to seek reconsideration under Rule 59(e). *See*, *e.g.*, *In re Taggart*, No. 17-2475, 2018 WL 4519959, at *2 (3d Cir. Sept. 20, 2018) (motion for reconsideration filed 363 days after judgment was entered was untimely). And, while Sloan refers to Federal Rule of Civil Procedure 60 in support of his motion, his motion is not governed by that Rule. *See Smart v. Aramark Inc.*,

3

618 F. App'x 728, 730 (3d Cir. 2015). Here, Sloan alleges only legal error in his motion as the basis for relief, and the Third Circuit has made clear that "legal error, without more, does not warrant relief" under Rule 60(b). *Id*. (quoting *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003)).

Second, and disregarding the untimeliness of the motion, Sloan is not entitled to reconsideration. With respect to Defendants Murray and Southers, summary judgment was granted in their favor because the claims against them were procedurally defaulted. (*See* Doc. 89, 16). In so doing, I explained that "[t]o the extent Mr. Sloan argues that his knowledge of Superintendent Murray and Mr. Souther's involvement was not known at the time of filing grievance 338188, this argument does not address his failure to name them, or their involvement, in a subsequent grievance once he learned of their alleged participation. When Mr. Sloan learned of the critical role Superintendent Murray and Mr. Southers had in the confiscation of his property, he had an obligation to file a grievance." (*Id.*).

Sloan now claims he recently discovered that he did in fact file at least two grievances that refer to grievance 338188, *i.e.*, grievances 348962 and 353035. These grievances cited as a basis for reconsideration, though, do not implicate the events of September 18, 2010 or Murray/Souther's alleged participation therein. Rather, those grievances concern Defendants' alleged failure to respond (or timely respond) to inmate grievances and appeals. The claims against Murray and Southers are, for reasons previously, procedurally defaulted.

Nor is reconsideration of the grant of summary judgment in favor of Flowers warranted. As detailed in my prior opinion, I found that the record was devoid of any evidence to support Sloan's assertion that Flowers interfered with his access-to-courts. (*See* Doc. 89, 21). While Sloan requests that I reconsider this finding, he again, just like before, does not provide any evidence to dispute Flower's declaration that as a Lieutenant at the time of the alleged conduct she would not have actively participated in searching an inmate's cell. (*See id.*). The motion for reconsideration will be

denied.

**B.     Response to August 10, 2017 Order.**

Sloan was also directed to explain how he suffered an actual injury to a nonfrivolous claim as to his sole remaining access-to-courts claim against Defendant Flinn. (*See* Doc. 90, *generally*). In ordering Sloan to do so, I explained:

> In *Monroe*, the Third Circuit Court of Appeals held that merely asserting that a prisoner was deprived of legal materials was insufficient to show that the "lost" claims were non-frivolous. *Monroe* [*v. Beard*, 536 F.3d 198, 206 (3d Cir. 2008)]. Here Mr. Sloan's general assertion of the confiscation of his legal materials relative to his last claim do not "describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and [does not] describe the 'lost remedy.'" *Id*., 205-06 (quoting *Harbury*, 536 U.S. at 416–17, 122 S.Ct. at 2187). Accordingly, the Court finds that Mr. Sloan has failed to state an access-to-courts claim based on the confiscation of his legal materials related to his conditions of confinement claim at SCI-Forest between September 28, 2008 and January 2, 2009. Likewise, he fails to plead or otherwise demonstrate that he had no other remedy for the lost claim other than in his present denial of access suit. *Monroe*, 536 F.3d at 205. Plaintiff does not explain or factually support his allegations that he was "shut out" of court due to the confiscation of his legal materials when more than a year of the relevant statute of limitations remained for him to pursue those claims. Similarly, he fails to aver sufficient facts to suggest that any action concerning his conditions of confinement were non-frivolous. As such, based on Mr. Sloan's Complaint and the evidence in the record, the Court finds that Mr. Sloan's simple allegation as to the confiscation of his legal materials concerning his conditions of confinement claim at SCI-Forest between September 28, 2008 through January 2, 2009, fails to satisfy the pleading requirements of an access-to-courts claim as he fails to allege actual injury. However, because the Court raises this claim, Mr. Sloan will be given the opportunity to respond. Mr. Sloan shall be required to demonstrate that his final claim was not legally frivolous and how he was "shut out" of court or otherwise demonstrate "injury" due to the confiscation of his legal materials. While the factual merits of his conditions of confinement claim will not be reviewed by this Court, Mr. Sloan will be required to demonstrate that his claims were not legally frivolous, *i.e.* that they were properly exhausted and thus in the proper posture to be pursued in federal court. Additionally, Plaintiff shall provide information as to his efforts to pursue his conditions of confinement claims in a court of law (the Court of Common Pleas of Forest County or the Western District of Pennsylvania) and the outcome of those efforts, *i.e.* the reasons why his actions were dismissed

5

> or failed. Without such evidence, the Court will dismiss Mr. Sloan's sole remaining access-to-courts claim against CO Flinn based on the confiscation of legal materials concerning his conditions of confinement at SCI-Forest between September 28, 2008 and January 2, 2009 due to Plaintiff's failure to allege actual injury.

(Doc. 89, 24-25).

Sloan, as ordered, filed a response to the August 10, 2017 Order. (*See* Doc. 91, *generally*). Therein, Sloan points to case law regarding a prison's obligation to provide inmates with basic human needs, such as sanitary conditions and food. (*See id*. at ¶¶ 18-23).

Upon review, Sloan still fails to adequately detail an actual injury necessary to support his access-to-courts claim. Sloan's response provides citation to precedent governing Eighth Amendment conditions of confinement claims. (*See* Doc. 91, ¶¶ 18-23). But, Sloan does not provide any factual support to show that his predicate claims were not frivolous. (*See id*., *generally*). In other words, Sloan has failed to detail "the predicate claim . . . well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Christopher v. Harbury*, 536 U.S. 403, 416, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002).

Moreover, Sloan failed to comply with the instructions in the August 10, 2017 Memorandum and Order in that he did not: (1) explain or factually support his contention that he was "shut out" of court when sufficient time remained on the applicable limitations period; (2) show that the underlying claims were in the proper posture to pursue in court; and/or (3) describe his efforts to pursue his conditions of confinement claims in a court of law. Sloan's response to the August 10, 2017 Order is more akin to a request for reconsideration, and he has not demonstrated that reconsideration is warranted. As such, Sloan's sole remaining claim in this action, *i.e.*, the access-to-courts claim against Defendant Flinn regarding the alleged confiscation of legal material concerning conditions of confinement at SCI-Forest between September 28, 2008 and January, 2, 2009, will be dismissed.

### III. Conclusion

For the above stated reasons, the motion for reconsideration will be denied. Further, in accordance with my August 10, 2017 Order, and finding that Sloan has failed to adequately demonstrate an "actual injury" he incurred relating to his sole surviving access-to-courts claim against Defendant Flinn, that claim will be dismissed with prejudice and the action will be closed.

An appropriate order follows.

October 11, 2018  /s/ A. Richard Caputo
Date  A. Richard Caputo
United States District Judge